HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVAN SAUNDERS, an individual,

Plaintiff,

v.

SCHWEINHAUS, INC. d/b/a
SCHEINHAUS BIERGARTEN, *et al.*,

Defendants.

CASE NO. 2:22-cv-00074-RAJ

**ORDER**

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Evan Saunders's ("Plaintiff") motion for attorney's fees and costs. Dkt. ## 15, 18. Defendants Schweinhaus, Inc. d/b/a Schweinhaus Biergarten and Brandon Bates ("Defendants") oppose Plaintiff's request. Dkt. # 20. For the reasons below, the motion is **GRANTED in part.**

## II.   BACKGROUND

On January 25, 2022, Plaintiff filed a complaint alleging that Schweinhaus Biergarten, a Whatcom County-based bar and restaurant, and owner Brandon Bates violated the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*, and Washington law by

ORDER – 1

improperly withholding tips owed to Plaintiff. Dkt. # 1 at 5-8. Plaintiff sought damages, attorney's fees and costs, and other relief. *Id.* at 8. On May 16, 2022, Plaintiff filed a Notice of Acceptance of Rule 68 Offer of Judgment. Dkt. # 14. The parties agreed to allow entry of judgment in favor of Plaintiff against Defendants in the amount of $5,000.00 "plus all reasonable costs of suit and attorney fees incurred to the date of the offer to be determined by the District Court," in full satisfaction of Plaintiff's claims. *Id.* at 1-2.

On July 14, 2022, Plaintiff filed the instant motion for attorney's fees and costs and motion for bill of costs. Dkt. ## 15, 18. On July 29, 2022 the Court issued an order for Taxation of Costs against Defendants in the amount of $402.00 and denied Plaintiff's request for a $200 statutory attorney's fee under RCW 4.84.080. Dkt. # 22.

### III.  DISCUSSION

In his pending request, Plaintiff seeks a total of $19,685 in attorney's fees pursuant to 29 U.S.C. § 216(b), RCW 49.46.090, RCW 49.52.070, and RCW 49.60.030(2). Dkt. # 15 at 4. Regarding cases brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b) provides, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Washington law also provides for attorney's fees and costs in cases that involve a violation of the state's Minimum Wage Requirements and Labor Standards. RCW 4946.090(1).

Defendants do not dispute that Plaintiff is the prevailing party entitled to attorney's fees under the judgment to be entered. Dkt. # 20 at 1; *see also Delta Air Lines, Inc. v. August*, 450 U.S. 346, 363 (1981) (Powell, J., concurring) (stating that a Rule 68 offer of judgment "by definition, stipulates that the plaintiff shall be treated as the prevailing party.") Instead, Defendants argue instead that the fees sought by Plaintiff are "not reasonable" and should be limited to 12 attorney hours at most. *Id.* at 9. The Court concludes that Plaintiff as the prevailing party, is entitled to attorney's fees. The

ORDER – 2

remaining question before the Court is whether Plaintiff's requested amount for attorney's fees is appropriate.

In granting attorney's fees, "[t]he district court has a great deal of discretion in determining the reasonableness of the fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The basic standard used in determining the proper award of fees is the two-part "lodestar" approach. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The Court must first determine "the number of hours reasonably expended multiplied by a reasonable hourly rate." 987 F.2d at 1397. The district court "should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations and citation omitted). The Court discounts hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597-600. The Court may adjust the lodestar calculation "up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not already been taken into account in computing the 'lodestar' and which are shown to warrant the adjustment by the party proposing it." *Id.* at 594 (citing *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982)) (emphasis in original); *see also Chalmers*, 796 F.2d at 1212.

    a. **Reasonable Hourly Rate**

The established rate for billing clients may be a reasonable hourly rate, but it is not conclusive. *Bowers*, 100 Wn.2d at 597. In addition to the established rate, the court may consider the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case. *Id.*; *see also Chalmers*, 796 F.2d at 1210-11. Affidavits of the attorney and other attorneys regarding prevailing fees in the community, and rate

ORDER – 3

determinations in other cases, particularly those setting a rate for an attorney, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The hourly rates of Plaintiff's attorneys are reasonable based on counsels' relative experience and prevailing market rates. *See* Dkt. ## 16, 17. Further, Defendants do not dispute Plaintiff's attorneys' hourly rates. Jordan T. Wada, the lead associate on the case, has 5 years of employment law experience and billed at a rate of $350 per hour. Dkt. # 16, ¶ 6, 24. Ada K. Wong, the owner and managing partner, billed at a rate of $450 per hour. *Id.*, ¶ 28. New associate Nate Blanchard billed at a rate of $250 per hour. *Id.* Finally, paralegal Kaila Eckert billed at a rate of $150 per hour. The reasonableness of these rates is supported by this district's case law. *See WhoToo, Inc. v. Dun & Bradstreet, Inc.*, C15-1629-RAJ, 2017 WL 3485735, at *2 (W.D. Wash. Aug. 15, 2017) (approving rates of $350 per hour and $290 per hour for associates and $120 per hour for paralegals); *see also Paulson v. Principal Life Ins. Co.*, 16-5268 RBJ, 2017 WL 4843837, at *4 (W.D. Wash. Oct. 26, 2017) (approving hourly rate of $500 for attorney with approximately 20 years of experience).

### b. Reasonableness of the Hours

The attorneys seeking fees must provide "reasonable documentation of the work performed" in order to allow the court to assess whether the number of hours expended was reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 951 P.2d 798, 802 (Wash. App. 1998). The court will "exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Mahler v. Szucs*, 957 P.2d 632, 651 (Wash. 1998), *overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802 (Wash. 2012). Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorneys' fees fails to carry its burden of

ORDER – 4

documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on specific activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Also guiding the Court's analysis is the understanding that remedial statues such as those at issue here "should be construed liberally to effectuate [their] purpose," *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 34 (Wash. 2002), and that even the recovery of small wage amounts justifies the granting of attorney fees. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 159 (Wash. 1998).

As detailed in counsel's billing records, Plaintiff's counsel seeks payment for a total of 60.1 hours in connection with this dispute. Dkt. # 16, Ex. C. Defendants argue that they attempted to settle the dispute in April 2021 by sending Plaintiff a check in the amount of $1,253.78—the amount of tips that Defendants claim was not timely paid to Plaintiff. Dkt. #20 at 3. Defendants argue that the amount of time expended on this case by Plaintiff's counsel is unreasonable considering the limited action taken in this case and the relatively small settlement amount of $5,000. *Id.* at 7, 10. Specifically, Defendants contest the number of hours expended by Plaintiff in drafting discovery and drafting the initial complaint. *Id.* at 8.

While Plaintiff's counsels' time entries largely appear reasonable, the Court finds that some time entries appear redundant or excessive and adjusts the award accordingly. *Bund v. Safeguard Properties, LLC*, Case No. C16-0920JLR, 2017 WL 1613340, at *3 (W.D. Wash. Apr. 28, 2017). First, the Court finds the number of hours spent on drafting discovery to be excessive. While Plaintiff drafted two sets of discovery — one for Schweinhaus, Inc. and another for Mr. Bates — the Court finds the amount of time spent on drafting these related discovery requests to be excessive and reduces the 9.2 hours claimed to 6 hours. Second, the Court notes that Plaintiff filed an Amended Complaint in order to properly assert federal jurisdiction, something it failed to do in the initial Complaint. *See* Dkt. ## 1, 7. Accordingly, the Court excludes the February 15, 2022 entry

ORDER – 5

regarding review of the amended complaint.

Two line items inadequately describe the work performed. The entry dated April 15, 2022 indicates that Mr. Wada reviewed discovery and outstanding correspondence, but it does not appear that Defendants had served discovery responses on Plaintiff at that time. Dkt. # 16, Ex. C. Later entries, dated April 22, 25, and 29, reflect time spent reviewing "initial" discovery responses. *Id.* Without a more detailed description of the April 15 entry, the Court is unable to ascertain whether this work is duplicative. Therefore, the Court excludes this entry from its calculation. Additionally, the entry dated March 25, 2022 indicates that counsel drafted a letter and emails. Dkt. # 16, Ex. C. Again, the lack of detail in this description makes it difficult for the Court to ascertain whether counsel was drafting the same letter that counsel indicates was drafted and edited on April 4 and 5. Accordingly, the Court excludes this entry.

Finally, the Court notes that Plaintiff's submitted billing statement reflects reductions based on 19.1 uncharged hours, often for work attributed to new associate Blanchard and paralegal Eckert. Dkt. # 16, Ex. C. The Court finds the remaining entries reasonable. Accordingly, the total amount of attorney's fees awarded is $17,690.00.

## IV.   CONCLUSION

For the reasons stated above, the Court awards Plaintiff fees in the amount of $17,690.00

DATED this 20th day of December, 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6